# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV931 TIA |
| | ) | |
| DON ROPER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition will be summarily dismissed.

## Background

Petitioner was serving a thirty-year prison sentence for burglary[1] when DNA evidence linked him to an unsolved 1994 rape and murder case. The State of Missouri (the "State") charged petitioner with first-degree murder and forcible rape on September 6, 2006. A grand jury indicted petitioner on November 20, 2006. Shortly after that, the State announced its intention to seek the death penalty.

Petitioner requested that counsel be appointed to represent him, and on December 22, 2006, an attorney with the Missouri Public Defender System, Capital

---

[1] See Johnson v. Rowley, 4:01CV1229 CAS (E.D. Mo) (denying petitioner's § 2254 petition).

Litigation Division, entered his appearance on petitioner's behalf.

At a scheduling hearing on January 19, 2006, petitioner's counsel requested that the Court refrain from setting a trial date until counsel could adequately prepare a defense. Counsel detailed his reasons for requesting the continuance, including his substantial case load and the need to launch an adequate investigation.

Petitioner opposed his counsel's request and demanded that the Court set the case for trial within 180 days pursuant to the Uniform Mandatory Disposition of Detainers Law, Mo. Rev. Stat. § 217.460 (the "UMDDL").

The trial court sided with petitioner and set the case for trial on March 12, 2006. The trial court believed counsel's request for a continuance to be reasonable, but it did not believe that counsel could overrule petitioner's demand under the UMDDL. Counsel sought relief from the Missouri Court of Appeals, but the appellate court upheld the trial court's decision.

Petitioner's counsel filed a petition for writ of prohibition in the Supreme Court of Missouri. The court granted the writ, finding that the trial court had incorrectly interpreted the UMDDL and that petitioner's counsel had the right to be granted a continuance over petitioner's objection. The court further stated,

> Any defendant that has exercised his right to counsel is guaranteed effective assistance of counsel, and courts should do the utmost to protect the defendant's right to adequate and competent representation.

> Having invoked the right to counsel, Johnson has effectively ceded to his counsel the authority to seek reasonable continuances for the purpose of assuring effective assistance of counsel.

Petitioner is currently awaiting trial on the charges.

## Discussion

Federal habeas relief under 28 U.S.C. § 2241 is available for pretrial detainees who have been denied the right to a speedy trial. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973).

Petitioner now seeks a writ of habeas corpus from this Court arguing that the Supreme Court of Missouri erred for several reasons when it issued the writ of prohibition. Mainly, petitioner argues that the court incorrectly interpreted the UMDDL and that the court lacked the power to grant the writ. Petitioner also appears to argue that his right to a speedy trial under the Sixth Amendment has been violated.

This Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). As a result, this Court does not have jurisdiction to review the Supreme Court of Missouri's decision to issue the writ of prohibition or whether the reasons stated in its decision are

correct.

Additionally, "[t]he question of whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984).

Finally, a criminal defendant does not have a constitutional right to "hybrid representation," i.e., partly by counsel and partly pro se. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Swinney, 970 F.2d 494, 498 (8th Cir. 1992). Once a criminal defendant requests to be represented by counsel, counsel's legal requests are attributed to the defendant. See McKaskle, 465 U.S. at 183. As a result, petitioner waived his right to a speedy trial when he requested to be represented by counsel and counsel requested a continuance. Petitioner is not entitled to habeas relief on the ground that he has been denied the right to a speedy trial, and the petition shall be summarily dismissed.

Because petitioner has not made a substantial showing of the denial of a constitutional right, this Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of July, 2008.

                                                 */s/ Sam E. Haddon*
                                          UNITED STATES DISTRICT JUDGE